Elina KOSTENKO, aka Elina Yevgenievna Kostenko, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 13–70365.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2014.*

Filed Oct. 20, 2014.

Alexander Markman, Markman & Royle, San Diego, CA, for Petitioner.

Nancy Canter, Trial, Dalin Riley Holyoak, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

## MEMORANDUM **

Elina Kostenko, a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Kostenko's testimony, and unresponsive answers to questions. *See id.* at 1048 (totality of the circumstances supported adverse credibility determination). Kostenko's explanations do not compel a contrary conclusion. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible testimony, Kostenko's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Kostenko's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that she will be tortured if returned to Ukraine, her CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Thus, we deny Ren's request for oral argument.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.